NO. 07-04-0540-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 25, 2005

_____

EX PARTE JULIA ALAYNE BLACK
_____

FROM THE 46TH DISTRICT COURT OF HARDEMAN COUNTY;

NO. 9872; HONORABLE TOM NEELY, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Pending before the court is a joint motion seeking reversal of an order of expunction and remand to the trial court for rendition of an order denying expunction. The 46th District Court of Hardeman County rendered an order pursuant to Chapter 55 of the Code of Criminal Procedure directing the Hardeman County Police Department to expunge records concerning a March 1999 arrest of appellee, Julia Alayne Black. The order also directed that a copy be provided the Texas Department of Public Safety (DPS) which was ordered to notify "any central federal depository of criminal records" of the order and its effect. *See* Tex.Code Crim.Proc. Ann. art. 55.02 § 3(a) (Vernon Pamph. 2004).

The DPS filed a motion for new trial asserting, *inter alia,* appellee was placed on deferred adjudication probation precluding her from seeking expunction of records. The record does not contain an indication the trial court took action on the motion for new trial. The DPS perfected appeal from the court's order. The Clerk's record has been filed.

The parties have now filed a joint motion in which they agree the case should be reversed and remanded to the trial court for rendition of an order denying expunction and that such an order will resolve all issues in the appeal. Voluntary dismissal of appeals in civil cases is governed by Rule of Appellate Procedure 42.1. When the parties seek disposition by agreement, Rule 42.1(a)(2) authorizes an appellate court to (A) render judgment effectuating the parties' agreement; (B) set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the agreement; or (C) abate the appeal and permit proceedings in the trial court to effectuate the agreement. Tex. R. App. P. 42.1(a)(2). The parties' motion falls within the ambit of Rule 42.1(a)(2)(B). We grant the motion, set aside the trial court's order without regard to the merits, and remand the case to the trial court for the rendition of judgment in accordance with the parties' agreement.

The court will require that appellant submit a motion to dismiss this appeal following the anticipated action in the trial court.


James T. Campbell
Justice